### SAMUEL SCHIFF & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. June 1, 1905.)

No. 3,631.

1. CUSTOMS DUTIES—CLASSIFICATION—STRAW BRAIDS OR PLAITS FOR HATS.

    *Held*, that certain merchandise, consisting of wide braids or plaits of straw, fastened together so as to form rectangular strips measuring about 18 by 36 inches, are not dutiable as hats partly manufactured, under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 409, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], but as straw braids or plaits, "suitable for making or ornamenting hats," etc., under the same paragraph.

2. SAME—ARTICLES WHOLLY OF STRAW—BRAIDS TIED WITH COTTON.

    A small amount of cotton thread in straw braids will not remove such articles from the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 409, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], for braids composed "wholly" of straw, where the thread is only used for temporarily tying the ends of the braids to prevent them from unraveling.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,738, T. D. 25,459, affirming the assessment of duty by the Collector of Customs at the port of New York.

Following is that part of the opinion of the board as to the construction of the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 409, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], for braids "wholly" of straw, which is referred to in the opinion of the court, *infra*:

Howell, General Appraiser. We may add that, even if it were established that the articles are commercially known as "plaits," as the witness in this case testified, the classification contended for by the protestants could not be upheld, inasmuch as it appears, from an analysis of the sample admitted in evidence, that the goods are not composed wholly of chip, but a substantial component thereof (3.16 per cent.) is cotton. See G. A. 4,687, T. D. 22,124. The presence in a manufactured article of as small a quantity as 2 per cent. of a material has been held sufficient to affect its classification. Hamano v. U. S. (D. C.) T. D. 24,946, and the authorities there cited.

Comstock & Washburn (Albert H. Washburn, of counsel), for the importers.

Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question consists of wide braids or plaits, fastened together so as to form rectangular strips about 18 inches in width by 36 inches in length, which are suitable for making or ornamenting hats. They were assessed as hats partly manufactured, at 35 per cent. ad valorem, under the provisions of Act July 24, 1897, c. 11, § 1, Schedule N, par. 409, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]. The importer claims that they are only liable to duty at 20 per cent. ad valorem, under the provisions of said paragraph, as "braids, plaits, * * * composed wholly of straw, chip, * * * suitable for making or ornamenting hats," etc. It appears from the testimony before the board that the article as thus imported is known commercially as "plaits" or "wide braids." The board, however, held that the articles were plateaux, and therefore within the decision in U. S. v. Bacharach, 92 Fed. 990, 35 C. C. A. 139. Plateaux, however, are sewed in an oval form, in the shape of a hat, while this merchandise consists of rectangular shapes. In its present condition it does not necessarily constitute a hat partly manufactured, except in the same sense that the individual braids, of which it is composed, might be so considered.

The board seems to have reached its conclusion upon an erroneous view as to the effect of certain cotton threads, which, according to the testimony, are only used for temporarily tying the ends of the braids to prevent them from unraveling. It is thought that the merchandise should have been assessed as braids or plaits composed wholly of straw, etc., and suitable for making or ornamenting hats, rather than as hats partly manufactured.

The decision of the Board of General Appraisers is reversed.